IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

CRYSTAL LANDS, LLC and
WAL-MART STORES, INC. d/b/a
THE WALMART MUSEUM                                                          PLAINTIFFS

      v.                         CASE NO.:  14-5113-TLB

HELEN B. M. HUFF and
BOBS STUDIO OF PHOTOGRAPHY                                           DEFENDANTS

and

HELEN M. BARRACK HUFF                          DEFENDANT/COUNTER-PLAINTIFF

      v.

WAL-MART STORES, INC.                            PLAINTIFF/COUNTER-DEFENDANT

## DEFENDANTS' ANSWER AND COUNTERCLAIM

COMES NOW the Defendants, by and through their attorneys, John C. Everett and Amy C. Martin, and, for their Answer to Plaintiffs' Complaint, state as follows:

## ANSWER

1. Defendants admit the allegations in paragraph 1 of the Complaint.

2. Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit the allegations in paragraph 3 of the Complaint.

4. Defendants admit that Bob's Studio of Photography was an Arkansas business with its primary office in Fayetteville, Arkansas, and that Robert A. Huff and David A. Huff, both now deceased, were formerly owners. Defendants assert that Bob's Studio of Photography has ceased doing business and is not an entity capable of being sued. Defendants deny all remaining allegations in paragraph 4 of the Complaint.

5. Defendant "Helen B.M. Huff" is actually "Helen M. Barrack Huff" (hereinafter "Helen Huff"). Defendants admit the remaining allegations in paragraph 5 of the Complaint.

6. Defendants admit that they are domiciled in the state of Arkansas, but Defendants deny that the Benton County Circuit Court is the proper forum for this matter. Thus, Defendants deny all remaining allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint as the United State District Court for the Western District of Arkansas is the proper venue for this matter.

8. Defendants admit that Robert A. Huff and David A. Huff took photographs of Sam and Helen Walton and their family and restored various historical photographs. Defendants deny that such photographs were taken under the "supervision" of the Walton family. Defendants further deny all remaining allegations in paragraph 8 of the Complaint.

9. Defendants admit that Helen Huff, as the owner of the photographs under the U.S. Copyright Act, has possession of the negatives, proofs and prints of such photographs. Defendants deny all remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit that Robert A. Huff and David A Huff are deceased. The remaining allegations in paragraph 10 are denied.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit that Helen Huff is in possession of numerous negatives, proofs and prints of photographs taken by Robert A. Huff and David A. Huff of the Walton

family. Defendants deny that Plaintiffs are the owners of such negatives, proofs and prints. Defendants further deny the remaining allegations in paragraph 15 of the Complaint.

16. Defendants admit that Helen Huff has refused to deliver the photographs to Plaintiffs as she is the legal owner of such photographs under the U.S. Copyright Act. Defendants admit that Helen Huff has attempted to determine the market value of certain photographs at issue in this matter as is her right under the U.S. Copyright laws. Defendants deny all remaining allegations in paragraph 16.

17. Defendants reiterate their responses to paragraphs 1-16 of the Complaint.

18. Defendants deny all allegations in Paragraph 18 of the Complaint.

19. Defendants deny all allegations in Paragraph 19 of the Complaint.

20. Defendants reiterate their responses to paragraphs 1-19 of the Complaint.

21. Defendants admit that the Arkansas Declaratory Judgment Act provides state courts with the power to declare certain rights among parties, but Defendants deny that the Arkansas Declaratory Judgment Act is applicable to this case.

22. Defendants deny that Plaintiffs are entitled to the relief they seek under the Arkansas Declaratory Judgment Act and, therefore, Defendants deny paragraph 22 of the Complaint.

23. Defendants deny that Plaintiffs are entitled to the relief they seek under the Arkansas Declaratory Judgment Act and, therefore, Defendants deny paragraph 23 of the Complaint.

24. Defendants reiterate their responses to paragraphs 1-23 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants reiterate their responses to paragraphs 1-28 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants admit that Plaintiffs instituted this action under Arkansas Code Annotated § 18-60-808, but Defendants deny that Plaintiffs are entitled to an Order of Delivery and further deny all remaining allegations in paragraph 31 of the Complaint.

32. Defendants deny that Plaintiffs are entitled to the judgment they seek and further deny all remaining the allegations in paragraph 32 of the Complaint.

33. Defendants deny that Plaintiffs are entitled to a preliminary injunction and further deny all remaining allegations in paragraph 33 of the Complaint.

34. Defendants deny that Plaintiffs are entitled to a permanent injunction and further deny all remaining allegations in paragraph 34 of the Complaint.

35. Defendants demand a trial by jury on all of Plaintiffs' claims.

## COUNTERCLAIM

Defendant/Counter-plaintiff, Helen M. Barrack Huff ("Helen Huff"), hereby asserts the following on behalf of her counterclaim against Plaintiff/Counter-defendant, Wal-Mart Stores, Inc. ("Walmart"):

## PARTIES, JURISDICTION AND VENUE

1. Helen Huff is a resident of Washington County, Arkansas.

2. Walmart is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Bentonville, Arkansas.

3. This is an action relating to copyrighted works pursuant to 17 U.S.C. §§ 101 *et seq*. Thus, this Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a).

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1441(a)

## FACTUAL ALLEGATIONS

5. From approximately 1950 to 1994, Robert A. ("Bob") Huff and David A. Huff (collectively the "Huffs") took posed photographs of various members of the Walton family at Bob's Studio of Photography ("Bob's Studio"). The Huffs were independent contractors hired by the Walton family to take their personal photographs. The Huffs used their own camera equipment, lenses, lights and backdrops, and controlled the positions of their subjects, the backgrounds and props used and all technical aspects of the sessions. Both men chose the appropriate film and either developed the photographs in the lab at Bob's Studio or chose the company that processed the film.

6. After each photography session, the Huffs maintained possession of all negatives, proofs and prints. Over the years, the Walton family ordered and paid for the individual prints that they wanted. The Huffs provided a copyright notice to the Walton family notifying them that the Huffs, as the authors of the photographs, owned the "exclusive right to reproduce [the] photographs."

7. In addition to the original photographs that the Huffs took of the Walton family, the Huffs prepared certain derivative works from historical photographs at the request of the Walton family.

8. Robert A. Huff died in 1990, and David A. Huff died in 2009. Helen Huff is the widow of David A. Huff and is the owner by will of all of the negatives, proofs, prints, photographs and copyrights at issue in this case.

9. In 2011, Helen Huff registered the following photographs with the United States Copyright Office (copies of the registrations are attached hereto as collective Exhibit "A"):

|  | Registration No. | Title of Work | Year of Completion | Nature of Work | Effective Date of Registration |
|---|---|---|---|---|---|
| 1 | VAu 1-094-806 | Sam Walton – Sitting at Desk by Bob's | 1982 | Photograph | November 10, 2011 |
| 2 | VAu 1-094-912 | Bud Walton – Brother of Sam Walton by Bob's | 1978 | Photograph | November 10, 2011 |
| 3 | VAu 1-094-810 | Alice Walton – Daughter of Sam Walton Fortune Magazine by Bob's | 1991 | Photograph | November 10, 2011 |
| 4 | VAu 1-094-840 | Sam & Helen – Last Portrait Together by Bob's | 1990 | Photograph | November 10, 2011 |
| 5 | VAu 1-094-831 | Sam Walton – David Encouraged Sam to Put on Hat & Badge by Bob's | 1990 | Photograph | November 10, 2011 |
| 6 | VAu 1-094-814 | Sam Walton – with Ferold Arend 1st President by Bob's Photograph | 1988 | Photograph | November 20, 2011 |
| 7 | VAu 1-094-811 | Sam Walton – Sam & Helen's Favorite w/pin on lapel (standing) by Bob's | 1988 | Photograph | November 10, 2011 |
| 8 | VAu 1-094-825 | Sam & Jim Walton Included in Group Portrait by Bob's | 1979 | Photograph | November 10, 2011 |
| 9 | VAu 1-094-815 | Jim Walton – Individual Board Portrait by Bob's | 1979 | Photograph | November 10, 2011 |
| 10 | VAu 1-094-955 | Sam Walton – Sam Favorite w/o Pin on Lapel by Bob's | 1978 | Photograph | November 10, 2011 |
| 11 | VAu 1-094-950 | Sam Walton – Sam & Helen's Favorite w/Pin on Lapel (Sitting) by Bob's | 1988 | Photograph | November 10, 2011 |

6

| 12 | VAu 1-094-954 | Helen Walton – Wife of Sam's w/ Pearl Brooch & Earrings by Bob's | 1988 | Photograph | November 10, 2011 |
| --- | --- | --- | --- | --- | --- |
| 13 | VAu 1-089-933 | Sam Walton – 9 Poses Sitting @ Desk by Bob's | 1982 | Photograph | November 3, 2011 |
| 14 | VAu 1-089-875 | Sam Walton – Sam, Helen, & Arend by Bob's | 1988 | Photographs (52 total) | November 3, 2011 |
| 15 | VAu 1-089-864 | Sam & Helen Walton 10 Poses Last Portrait & 1 Pose Sam w/Hat & Badge by Bob's | 1990 | Photographs (11 total) | November 3, 2011 |
| 16 | VAu 1-089-866 | Alice Walton – 18 Poses for Fortune by Bob's | 1991 | Photographs (18 total) | November 3, 2011 |
| 17 | VAu 1-089-886 | Bud Walton – 4 Poses Brother of Sam Walton (with two) by Bob's | 1978 | Photographs (6 total) | November 3, 2011 |
| 18 | VAu 1-090-883 | Jim Walton – Family & B/W of Jim by Bob's | 1994 | Photographs (17 total) | November 3, 2011 |
| 19 | VAu 1-089-929 | W.V.C. – Grouping of Hell (Derivatives) by Bob's | 1993 | Photographs | November 3, 2011 |
| 20 | VAu 1-091-280 | Sam Walton – Family @ Home Dec. 1950 | 1950 | Photograph | December 20, 2011 |
| 21 | VAu 1-091-355 | Sam Walton – 4 children 1966 by Bob's | 1966 | Photograph | December 20, 2011 |
| 22 | VAu 1-091-354 | Sam Walton 4 Poses of 4 Children 1966 | 1966 | Photographs (4 total) | December 20, 2011 |
| 23 | VAu 1-091-338 | Alice Walton – A Senior Portrait | 1968 | Photograph | December 20, 2011 |
| 24 | VAu 1-091-290 | Alice Walton – 12 Poses for 1968 Sr. Portrait by Bob's | 1968 | Photographs (12 total) | December 20, 2011 |
| 25 | VAu 1-091-284 | Sam Walton – Rob Walton 2nd Son of Sam's by Bob's | 1962 | Photograph | December 20, 2011 |
| 26 | VAu 1-091-414 | Helen Walton – Wife of Sam Walton 1972 Portrait by Bob's | 1972 | Photograph | December 20, 2011 |

| 27 | VAu 1-091-295 | Helen Walton – 1972 Grouping by Bob's | 1972 | Photographs (15 total) | December 20, 2011 |

10. In addition to the above photographs, Helen Huff is also the owner of other negatives, proofs and prints of the Walton family as well as Wal-Mart-related photographs.

11. Walmart has infringed and continues to infringe on Helen Huff's exclusive rights by reproducing the copyrighted works and/or allowing third-parties to reproduce such works; allowing third parties to prepare derivative works from the copyrighted works and publicly displaying the copyrighted works in violation of Helen Huff's exclusive rights under 17 U.S.C. § 106.

## COUNT I - DECLARATORY JUDGMENT

Plaintiff re-alleges and reincorporates by reference paragraphs 1-11 above as though fully set forth herein.

12. This action is brought pursuant to 28 U.S.C. 2201 for declaratory judgment that Helen Huff is the exclusive owner of all copyrights at issue in this matter and, therefore, she is entitled to all of the exclusive rights granted to a copyright owner under the United States Copyright Act, 17 U.S.C. § 106, including: (1) the exclusive right to reproduce all the copyrighted works at issue; (2) the exclusive right to prepare derivative works based on all the copyrighted works at issue; and (3) the exclusive right to display the copyrighted works publicly.

13. Walmart has filed a complaint against Helen Huff for replevin of the copyrighted works and, thus, there exists a real and judiciable controversy of sufficient immediacy to warrant declaratory relief.

14. Therefore, Helen Huff prays that the Court enter a declaratory judgment in her favor declaring that she is the exclusive owner of the copyrighted works at issue in this matter and is entitled to all of the exclusive rights granted to a copyright owner under the United States Copyright Act, 17 U.S.C. § 106; and that Walmart is not authorized to make any independent use of such works that violates her exclusive rights without her consent.

### COUNT II – COPYRIGHT INFRINGEMENT
### (WALMART STORES, INC.)

15. Plaintiff re-alleges and reincorporates by reference paragraphs 1-14 above as though fully set forth herein.

16. Walmart has infringed and continues to infringe on Helen Huff's copyrights in violation of 17 U.S.C. § 501 by reproducing the copyrighted works and/or allowing third-parties to reproduce such works; allowing third parties to prepare derivative works from the copyrighted works and publicly displaying the copyrighted works in violation of Helen Huff's exclusive rights under 17 U.S.C. § 106.

17. Walmart's infringement of the copyrights is willful.

18. As a remedy for Walmart's infringement, Helen Huff is entitled to the following:

(a) a preliminary injunction against further infringement by Walmart pursuant to 17 U.S.C. § 502;

(b) a permanent injunction against further infringement by Walmart pursuant to 17 U.S.C. § 502;

(c) actual damages and any additional profits realized by Walmart from its infringement pursuant to 17 U.S.C. § 504;

(d) statutory damages; and

(e) costs and attorney' fees.

19. Helen Huff demands a trial by jury.

WHEREFORE, Helen Huff respectfully requests that the Court award her the following:

(a) a judgment in her favor declaring her to be the exclusive owner of all copyrighted works at issue in this matter and declare that she is entitled to all of the exclusive rights granted to a copyright owner under the United States Copyright Act, 17 U.S.C. § 106; and that Walmart is not authorized to make any independent use of such works that violates her exclusive rights without her consent;

(b) a preliminary injunction against further infringement by Walmart pursuant to 17 U.S.C. § 502;

(c) a permanent injunction against further infringement by Walmart pursuant to 17 U.S.C. § 502;

(d) actual damages and any additional profits realized by Walmart from its infringement pursuant to 17 U.S.C. § 504;

(e) statutory damages;

(f) costs and attorney' fees; and

(g) all other and further relief to which she is entitled.

        Respectfully submitted,

        **EVERETT WALES & COMSTOCK**

        By:   /s/ Amy C. Martin
            John C. Everett, AR 70022
            Amy C. Martin, AR 97075
            1944 East Joyce Boulevard
            PO Box 8370
            Fayetteville, AR 72703
            (479) 443-0292 Telephone
            (479) 443-0564 Facsimile

        **ATTORNEYS FOR DEFENDANTS**
        **HELEN M. HUFF and BOB'S**
        **STUDIO OF PHOTOGRAPHY**

## CERTIFICATE OF SERVICE

    I hereby certify that on April 21, 2014, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which should send notifications of such filings to all registered participants for this matter.

            /s/ Amy C. Martin