IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| CRYSTAL LANDS, LLC and<br>WAL-MART STORES, INC. d/b/a<br>THE WALMART MUSEUM | PLAINTIFFS |
| VS.   5:14-cv-05113-TLB | |
| HELEN B. M. HUFF and<br>BOB'S STUDIO OF PHOTOGRAPHY | DEFENDANTS |

| | |
|---|---|
| HELEN M. BARRACK HUFF | DEFENDANT/<br>COUNTER-PLAINTIFF |
| VS. | |
| WAL-MART STORES, INC. | PLAINTIFF/<br>COUNTER-DEFENDANT |

**WAL-MART STORES, INC.'S ANSWER TO COUNTERCLAIM**

Plaintiff/Counter-Defendant, Wal-Mart Stores, Inc. ("Walmart"), by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Answer to Helen M. Barrack Huff's Counterclaim, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Walmart is without sufficient information to either admit or deny the allegations in Paragraph 1 of the Counterclaim and therefore denies the same.

2. Walmart admits that it is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Bentonville, Arkansas.

3. Walmart admits this Court has subject matter jurisdiction over this case.

4. Walmart admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

5. Walmart is without sufficient information to either admit or deny the allegations in Paragraph 5 of the Counterclaim, as stated, and therefore denies the same.

6. Walmart is without sufficient information to either admit or deny the allegations in Paragraph 6 of the Counterclaim, as stated, and therefore denies the same.

7. Walmart is without sufficient information to either admit or deny the allegations in Paragraph 7 of the Counterclaim, as stated, and therefore denies the same.

8. Walmart is without sufficient information to either admit or deny the allegations in Paragraph 8 of the Counterclaim, as stated, and therefore denies the same.

9. Walmart is without sufficient information to either admit or deny the allegations in Paragraph 9 of the Counterclaim, as stated, and therefore denies the same.  Walmart states that the registrations speak for themselves.

10. Walmart is without sufficient information to either admit or deny the allegations in Paragraph 10 of the Counterclaim, as stated, and therefore denies the same.

11. Walmart denies the allegations in Paragraph 11 of the Counterclaim.

## COUNT I:  DECLARATORY JUDGMENT

Walmart reiterates and incorporates its responses to paragraphs 1 through 11 above as if stated herein word for word.

12. Paragraph 12 does not require a response, but Walmart denies that Huff is entitled to the requested relief.

13. Walmart admits the allegations in Paragraph 13 of the Counterclaim.

14. Paragraph 14 does not require a response, but Walmart denies that Huff is entitled to the requested relief.

**COUNT II:  COPYRIGHT INFRINGEMENT (Wal-Mart Stores, Inc.)**

15. Walmart reiterates and incorporates its responses to paragraphs 1 through 14 above as if stated herein word for word.

16. Walmart denies the allegations in Paragraph 16 of the Counterclaim.

17. Walmart denies the allegations in Paragraph 17 of the Counterclaim.

18. Walmart denies the allegations in Paragraph 18 of the Counterclaim.

19. Walmart also demands a trial by jury.

20. Responding to Huff's "WHEREFORE" Paragraph, Walmart denies that Huff is entitled to the relief she seeks.

21. Walmart denies each and every allegation not specifically admitted herein.

22. Upon completion of further investigation and discovery, Walmart expressly reserves the right to plead further and reserves the right to assert all affirmative defenses required to be pleaded in its initial pleadings.

23. Walmart pleads affirmatively pursuant to Fed. R. Civ. P. 12(b)(6) that Huff's Counterclaim fails to state a claim upon which relief can be granted.

24. Walmart pleads affirmatively all affirmative defenses available to it pursuant to Fed. R. Civ. P. 8(c), including but not limited to, the defenses of statute of limitations, estoppel, laches, set-off, waiver, payment, statute of frauds, failure of consideration, license, and release.

25. Walmart pleads affirmatively that Huff has failed to join indispensable parties.

26. Walmart pleads affirmatively the doctrine of fair use.

27. Walmart pleads affirmatively that Plaintiffs are the rightful owners of the images at issue.

28. Walmart pleads affirmatively copyright misuse.

29. Walmart pleads affirmatively unclean hands.

30. Walmart pleads affirmatively abandonment.

WHEREFORE, Plaintiff/Counter-Defendant, Wal-Mart Stores, Inc., respectfully prays that Helen M. Barrack Huff's Counterclaim be dismissed with prejudice and for any and all other relief to which it may be entitled.

        Respectfully submitted,

        MITCHELL, WILLIAMS, SELIG
        GATES & WOODYARD, P.L.L.C.
        5414 Pinnacle Point Drive, Suite 500
        Rogers, AR 72758
        Telephone:  (479) 464-5650
        Facsimile:  (479) 464-5680

        By: /s/ Marshall S. Ney
        Marshall S. Ney, Ark. Bar No. 91108
        Angela C. Artherton, Ark. Bar No. 2012156

## CERTIFICATE OF SERVICE

I, Marshall Ney, hereby certify that on May 9, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF Filing System, which will send notification of such filing to the following:

    Amy C. Martin
    amy@everettfirm.com

    John C. Everett
    john@everettfirm.com

        /s/ Marshall S. Ney
        Marshall S. Ney
        mney@mwlaw.com